UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH SIMMONS, | No. 2:19-cv-2492 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| ALCANTARA, | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. On February 9, 2022, in plaintiff's prior case, counsel for defendant Pompey filed a suggestion of death upon the record attesting to the death of plaintiff Jeremiah Simmons on December 3, 2021. Simmons v. Pompey, No. 2:19-cv-2491 JDP (E.D. Cal.) (ECF No. 32). The court takes judicial notice of such filing. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

Federal Rule of Civil Procedure 25 establishes the process for moving forward after a party to a civil action has died. Of relevance here, it provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of a proper party." Fed. R. Civ. P. 25(a). If the decedent's successor or representative do not file a motion for substitution "within 90 days after service of a statement noting the death, the action by or against the decedent must be

1

dismissed." Id.  Under California law -- which federal courts apply in determining survival of a claim under 42 U.S.C. § 1983 -- a cause of action against a person is generally not extinguished by that person's death.  Cal. Civ. Proc. Code § 377.20(a); see Robertson v. Wegmann, 436 U.S. 584, 590 (1978).

The Court of Appeals for the Ninth Circuit explained that Rule 25 requires two affirmative steps to trigger the 90-day period:

> First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Thus, a party may be served the suggestion of death by service on his or her attorney, while nonparty successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.

Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994) (internal citations omitted).  Under Barlow, the defendant has some obligation to identify the plaintiff's representative or successor and to serve the notice of death on that party.  See Gilmore v. Lockard, 936 F.3d 857, 865-68 (9th Cir. 2019) (same).

Defendant is ordered to provide the court with a formal notice of plaintiff's death and to serve that notice on plaintiff's representative or successor.  If defendant is unable to identify plaintiff's representative or successor, he shall file a notice with the court explaining the steps that he has taken to locate plaintiff's representative or successor.  See Gruenberg v. Maricopa County Sheriff's Office, 2008 WL 2001253 (D. Ariz. May 7, 2008) (dismissing action without prejudice after Gruenberg died and defendants could not locate a successor).

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, defendant shall file with the court a formal notice of plaintiff's death; and

2. Within thirty days from the date of this order, defendant shall either: (a) serve that notice on plaintiff's personal representative or successor in interest, and file a certificate of service with the court; or (b) notify the court that plaintiff's representative or successor could not

////

be located and explain the steps defendant has taken to locate plaintiff's representative or successor.

Dated: February 11, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/simm2492.death