UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH SIMMONS, | No. 2:19-cv-2492 TLN KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ALCANTARA, | |
| Defendant. | |

By order filed February 11, 2022, counsel for defendant was directed to provide formal notice of plaintiff's death and serve notice on plaintiff's representative or successor. Fed. R. Civ. P. 25(a). If defendant was unable to identify plaintiff's successor or representative, defendant was directed to file a notice explaining the steps taken to locate the representative or successor. (ECF No. 41.)

A suggestion of death upon the record pertaining to the death of plaintiff was filed on February 14, 2022. Plaintiff died on December 3, 2021. (ECF No. 42 at 1.) On March 10, 2022, counsel for defendant filed a declaration setting forth efforts to locate decedent's next of kin. Despite skip tracing efforts performed by counsel's legal analyst, counsel was unable to locate, with certainty, plaintiff's next of kin. (ECF No. 43.)

As explained in the February 11, 2022 order, Rule 25(a)(1) provides a process for a nonparty successor or representative to move for substitution within ninety days from the date

1

notice of the plaintiff's death is served on him or her.  (ECF No. 41.)  "There appears to be no Ninth Circuit case law applying Rule 25 in those instances when no nonparty representatives can be ascertained and thereby served with the notice of suggestion of death."  Gruenberg v. Maricopa Cnty. Sheriff's Off., 2008 WL 2001253, at *1 (D. Ariz. May 7, 2008) (noting Ninth Circuit declined to address such issue in Barlow v. Ground, 39 F.3d 231, 233-34 (9th Cir. 1994).)

       In this case, defendant was required to attempt to locate plaintiff's representative or successor, but such efforts were unsuccessful.  The undersigned will not require defendant to further attempt to locate plaintiff's next of kin.  Because over three months have passed since the notice of suggestion of death was filed, and plaintiff died over five months ago and there has been no inquiry into the case by a putative representative or successor, the undersigned recommends that this action be dismissed under Rule 25(a).  However, under these circumstances, including the inability to locate plaintiff's next of kin and no adjudication on the merits, the dismissal should be without prejudice.  Gruenberg, 2008 WL 2001253, at *2; see also Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1095-96 (9th Cir. 2017) (finding dismissals under Rule 25 are not required to be with prejudice; thus, voluntary dismissal without prejudice proper where next of kin failed to timely move to substitute and was proceeding with state court action).

       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after service of these findings and recommendations, any written objections may be filed with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 25, 2022

/simm2492.death.fr

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE